IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES, | CIVIL NO. 18-00155 JAO-1 |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |
| vs. | |
| TERENCE SASAKI, | |
| Defendant. | |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

Before the Court is Defendant Terence Sasaki's Motion for Reconsideration of this Court's March 1, 2019 Entering Order ("EO"), Doc. No. 19, denying his Motion to take Judicial Notice, filed on February 19, 2019, Doc. No. 18. This matter is suitable for disposition without a hearing pursuant to Rule 7.2(e) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii ("Local Rules"). For the reasons set forth below the Motion is DENIED.

Defendant seeks reconsideration of this Court's EO denying his Motion to take Judicial Notice on the grounds that the Court incorrectly applied the Federal Rules of Evidence and Ninth Circuit precedent. Defendant cites Federal Rule of Evidence ("FRE") 201 for the proposition that the Court must take judicial notice of his § 2255 filing. Defendant's disagreement with the Court's application of the Federal Rules of Evidence is not a proper basis for reconsideration.

Local Rule 60.1 governs this Motion, and provides three grounds for reconsideration of interlocutory orders: "(a) [d]iscovery of new material facts not previously available; (b) [i]ntervening change in law; [or] (c) [m]anifest error of law or fact." Local Rule 60.1. The Ninth Circuit requires that a successful motion for reconsideration satisfy two requirements. "First, a motion for reconsideration must demonstrate some reason why the Court should reconsider its prior decision. Second, the motion must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Jacob v. United States*, 128 F. Supp. 2d 638, 641 (D. Haw. 2000) (internal quotation and citation omitted). Mere disagreement with a court's analysis is not a sufficient basis for reconsideration. *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572 (D. Haw. 1988)); *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Defendant has not identified the Local Rule 60.1 provision upon which he relies, but Local Rule 60.1(c) (manifest error of law or fact) is the only provision that could potentially apply. The arguments advanced by Defendant fail to offer a

basis for reconsideration pursuant to Local Rule 60.1(c).  Defendant's § 2255 filing challenges his underlying conviction and is not relevant to anything pending in this case.  The Court is therefore not required to take judicial notice of Defendant's other proceedings.  *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.1992).  Defendant's argument that FRE 401 does not apply, and that FRE 201 requires that the Court take judicial notice of irrelevant evidence, is irreconcilable with the plain text of the Federal Rules of Evidence.

It is unclear how an unresolved § 2255 motion would affect a defendant's supervised release.  The Court is aware of Defendant's § 2255 filing, but the status of the filing will only become relevant if and when his underlying sentence is vacated and perhaps remanded, and even then the Court will be made aware of the outcome without needing to take judicial notice of it.  The fact that Defendant "simply wants the district court to acknowledge that he filed his § 2255" shows the lack of need for judicial notice of it.  Mot. at 1.

Defendant has failed to provide a basis for reconsideration, much less facts or law of a strongly convincing nature to induce the Court to reverse its prior decision.  Mere disagreement with the EO is insufficient to warrant reconsideration.  Accordingly, the Motion is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, March 15, 2019.



  /s/   Jill A. Otake
Jill A. Otake
United States District Judge

CRIMINAL NO. 18-00155 JAO-1; *UNITED STATES v. SASAKI*; ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION